UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JAMIL CAICEDO,<br><br>  Defendant. | Case No.: 18-cr-2242-DMS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
|---|---|

Pending before the Court is Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (2023). (ECF No. 177). The government filed a response in opposition. (ECF No. 186). The Court finds that Defendant does not qualify for a sentence modification under U.S.S.G. § 4C1.1 and denies the motion.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with

applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

Under U.S.S.G. § 4C1.1, a defendant is eligible to receive a sentence reduction reflecting a two-point downward adjustment if the defendant is a zero-point offender and satisfies the 10 criteria outlined in U.S.S.G. § 4C1.1(a). However, U.S.S.G. § 1B1.10(b)(2) "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). In other words, even if the defendant can satisfy the criteria of Amendment 821, the court may not impose a sentence below the minimum of the amended guidelines range unless the defendant received a substantial assistance departure.

At Defendant's original sentencing hearing, the Court determined Defendant's base offense level was 38. After a downward adjustment of two levels for safety valve and three levels for acceptance of responsibility, the Court calculated Defendant's total offense level as 33 with a criminal history score of zero, and a criminal history category of I resulting in a sentencing guideline range of 135–168 months. The Court sentenced Defendant to 108 months, well below the low end of the guideline range. The parties agree that Defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," such that the Court "may reduce the term of imprisonment[.]" 18 U.S.C. § 3582(c)(2). The parties also agree that Defendant satisfies the 10 criteria under U.S.S.G. § 4C1.1(a). However, if the Court applies a two-level adjustment for a zero-point offender under Amendment 821, the Court calculates Defendant's total offense level as 31 with an amended guideline range of 108-135 months. The Court imposed a 108-month sentence at Defendant's original sentencing, which is already at the lowest end of the amended guidelines range. *Davis*, 739 F.3d at 1224. The record does not show that Defendant received a substantial assistance departure. Accordingly, the Court lacks discretion to reduce Defendant's sentence and **DENIES** the motion.

**IT IS SO ORDERED.**

Date: February 16, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court